IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                               CIV 04-1122 MV/KBM
                                                                   CR 01-0592 MV

CANDIDO CRUZ-ACALA,

    Defendant-Movant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Candido Cruz-Acala's Motion Pursuant To 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, and supporting memorandum of law. He raises three claims related to Amendment 640 of the Sentencing Guidelines and a *Blakely* claim. *See Doc. 1* (hereinafter "*2255 Petition*"), *Doc. 2.* Chief District Judge Martha Vázquez previously dismissed the *Blakely* claim. *See Doc. 3.*

The matter is now before the Court on Defendant's remaining claims and the United States Response. *See Doc. 4.* Having considered the arguments, pleadings, and relevant law, I recommend that two more of Defendant's claims be dismissed, but that the final remaining issue be rebriefed.

## *I. Factual & Procedural Background*

On May 20, 2002, Cruz-Acala pleaded guilty to a one-count superseding information charging him with possession with intent to distribute methamphetamine. The United States stipulated that he should receive a three-level reduction for acceptance of responsibility and an

additional three-level reduction for being a minor/minimal participant.  The United States further stipulated that it would not oppose a defense request for a sentence at the low end of the Guideline range.  *See United States v. Cruz-Acala,* CR 01-592 (*Doc. 55; Doc. 56* at 2, 4-5).

In the presentence report ("PSR"), the probation officer assessed an adjusted offense level of 28, which represents the base level of 34 minus the six levels for acceptance and role. Defendant objected to the PSR's calculations that resulted in a criminal history category of IV due to several prior convictions, but Chief Judge Vázquez overruled the objections.  Thus, under the Guidelines in effect as of October 8, 2002 sentencing hearing, the applicable range for 28/IV was 110 to 137 months.  Chief Judge Vázquez sentenced him to the lowest end of that Guideline range – 110 months.  *See id.* (*Docs. 62, 63*); *United States v. Cruz-Acala,* 338 F.3d 1194, 1196, 1201 (10th Cir. 2003); *United States v. Cruz-Acala, Appellant's Brief-in-Chief,* 2003 WL 23312639 at 14 (2003).

The Judgment reflecting her decision was entered on the docket on October 10, 2002. *United States v. Cruz-Acala,* CR 01-592 (*Docs. 65, 68*).  Twenty-two days later, Amendment 640 to the Guidelines went into effect.  It provides that persons who received an adjustment for minimal participation cannot be assessed a base offense level more than 30 points.  Both in his appeal with counsel and here, Defendant argues that had Amendment 640 applied to him, his adjusted level would have been 24 points and the applicable Guideline range for 24/IV would have been 77 to 96 months.  *See Doc. 2* at 2; *Appellant's Brief-in-Chief,* 2003 WL 23312639 at 14 (2003).

As I read the Guidelines, Cruz-Acala's calculation is correct,[1] and the United States does not argue otherwise. Accordingly, if Defendant had been sentenced twenty-two days later, his sentence would not have exceeded 96 months, which is some fourteen months less than what he received. If, as per the plea agreement, he had been sentenced to the low end of the new range, his sentence would have been some 33 months shorter than what he received.

On the appeal where he was represented by his trial attorney, Defendant again challenged his criminal history score calculation. He further asserted that Chief Judge Vázquez should have applied Amendment 640 to him at the October sentencing, even though the amendment was not in effect at the time. The Tenth Circuit disagreed with his arguments and affirmed. *See Cruz-Acala,* 338 F.3d at 1196, 1201; *see also, e.g., Appellant's Brief-in-Chief,* 2003 WL 23312639 at 13-14 (2003); *Appellee's Answer Brief,* 2003 WL 23312638 at 12-13 (2003); *Appellant's Reply Brief,* 2003 WL 23312637 at 4 (2003). The panel held that because Amendment 640 was not in effect when Defendant was sentenced, Chief Judge Vázquez correctly applied the Guidelines in

---

[1]  Amendment 640 changed Guideline § 2D1.1(3). Under Guideline §§ 2D1.1(1), (2) (2001), Defendant would have begun with a base offense level of 43 or 38, if death or serious injury resulted from the use of the drug and defendant had prior convictions for a similar offense.

Since those were inapplicable, section (3) directed that the base level would be the "offense level specified in the Drug Quantity Table set forth in subsection (c) below." Level 34 was for "at least 1.5 KB but less than 5 KG if Methamphetamine, or at least 150 G but less than 500 G of Methamphetamine (actual), or at least 150 G but less than 500 of "Ice." Amendment 640 amended subsection (3) to provide that the Drug Quantity Table would provide the base level unless the defendant received a downward adjustment for his mitigating role under § 3B1.2. In that case, the offense level would be no more than level 30.

After the Amendment, Defendant would have started with a base level of 30, and still would have been entitled to the six-level downward adjustment for his role and acceptance. *See* § 3B1.2 (2002) (application note 6: "In a case in which the court applied § 2D1.1 and the defendant's base level under that guideline was reduced by operation of the maximum base level in § 2D1.1(a)(3), the court also shall apply the appropriate adjustment under this guideline.").

effect at the time. The Tenth Circuit's opinion further observed that Defendant did not "seek a continuance so that he could be sentenced after November 1, 2002, when Amendment 640 would become effective." *Cruz-Acala,* 338 F.3d at 1201.

The Supreme Court denied *certiorari* on December 15, 2003. *Cruz-Acala v. United States,* 540 U.S. 1094 (2003). This timely § 2255 petition followed. Two of his three remaining claims are for ineffective assistance of counsel. Cruz-Acala asserts that his trial attorney was ineffective by: (1) not moving for a modification of sentence in the trial court while his case was on appeal, and (2) not seeking a continuance so that sentencing would have taken place after the Amendment came into effect. In his final claim, Defendant argues that Chief Judge Vázquez should apply Amendment 640 retroactively and reduce his sentence *sua sponte,* regardless of counsel's conduct. *See Doc. 1* at 6-7.

## II. Analysis

### A. Move To Modify Sentence/Retroactive Application Sua Sponte

The Defendant's claims that his attorney should have moved to modify his sentence or Chief Judge Vázquez should have done so herself are interrelated, and I begin with them. Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant or . . . on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Yet Chief Judge Vázquez could not have given Defendant the benefit of Amendment 640 under the above-quoted section because that section is not among the amendments listed under Guideline § 1B1.10(c).[2]  Indeed, Defendant's attorney recognized that a § 3582(c)(2) motion would have been unavailing for this reason.  *See Appellant's Reply Brief,* 2003 WL 23312637 at 4 (2003) ("Unfortunately, contrary to the Government's suggestion, *Answer Brief* at 13, the remedy under 18 U.S.C. § 3582(c)(2) is unavailable to defendant.  *See* U.S.S.G. § 1B1.10.").

That does not necessarily foreclose habeas relief, however.  The next inquiry is whether Amendment 640 is "substantive" or "clarifying."  In an opinion decided after the briefing closed in Defendant's appeal, the Tenth Circuit held that the "substantive/clarifying" argument "should be raised on direct appeal or in a motion . . . pursuant to 28 U.S.C. § 2255."  *United States v. Torres-Aquino,* 334 F.3d 939, 941 (10th Cir. 2003); *see also United States v. Evans,* 101 Fed. Appx. 792 (10th Cir. 2004).

To-date, I have not found a Tenth Circuit decision after *Torres-Aquino* that addresses Amendment 640.  However, every other decision from other courts that I have found discussing whether Amendment 640 is substantive or clarifying has found it to be substantive.  Therefore, Amendment 640 was held to not apply retroactively.  *See United States v. Turner,* 128 Fed. Appx. 941, 943 (3rd Cir. 2005); *United States v. Cabrera-Polo,* 376 F.3d 29, 32 (1st Cir. 2004); *United States v. Diaz-Cardenas,* 351 F.3d 404, 409-10 (9th Cir. 2003); *United States v. Smith,* 68 Fed. Appx. 514, 514 (4th Cir. 2003) (per curiam); *United States v. Carter,* 2003 WL 1904041 at

---

[2] "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."  U.S.S.G. § 1B1.10(a).

*2 (D. Kan. 2003).[3]

Like the District of Kansas in the *Carter* decision, I am persuaded that these decisions reach the correct result and that the Tenth Circuit would arrive at the same conclusion. Amendment 640 did not clarify a previously ambiguous Guideline. Instead, it changed the base level for certain offenders altogether, because of the concern that the Drug Quantity Tables overstated the "culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2." *U.S.S.G.,* Supp. C, Amendment 640 at 265 ("reason for amendment" section). Having determined that the amendment should thus be characterized as substantive,[4] I will recommend that Defendant's claims based on the retroactive application of Amendment 640 be denied.

---

[3] The Fifth Circuit takes the view that an amendment not listed in §1B.10(c) cannot be retroactively applied regardless of whether it is characterized as "substantive" or "clarifying." *E.g., United States v. Burton,* 110 Fed. Appx. 437 (5th Cir. 2004) (citing *United States v. Davidson,* 283 F.3d 681, 684 (5th Cir.2002); *United States v. Drath,* 89 F.3d 216, 217 (5th Cir. 1996)). The Second Circuit appears to take the same view. *E.g., Santiago v. United States,* 2004 WL 1554933 at *2 & n. 1 (E.D.N.Y. 2004) (and cases cited therein).

[4] *C.f., United States v. Groves,* 369 F.3d 1178, 1182-83 (10th Cir. 2004); *United States v. Kissick,* 69 F.3d 1048, 1051-53 (10th Cir. 1995), *abrogated on other grounds, Glover v. United States,* 531 U.S. 198 (2001).

> [T]he factors to be reviewed include the Commission's characterization of the amendment, whether the amendment changes the text of the guidelines or merely the accompanying commentary, and whether the amendment alters the controlling pre-amendment interpretation of the guideline at issue. . . . A review of these factors indicates that the amendment is not merely clarifying. The amendment completely rewrote § 2L1.2. The accompanying commentary states that the change was made in response to concerns by judges, probation officers, and defense attorneys that the former guideline resulted in disproportionate penalties. . . . This certainly may not be considered merely clarifying."

*United States v. Barraza-Rios,* 55 Fed. Appx. 883, 884 (10th Cir. 2003) (internal quotations and citations omitted).

### *B. Ineffectiveness For Failure To Move For A Continuance*

Defendant's remaining claim is in an altogether different posture. Defendant maintains that his trial attorney, Floyd Lopez, was ineffective by not requesting a continuance so that Cruz-Acala could be sentenced after the new Guidelines took effect.

The United States responds that defense counsel is not required to forecast changes in the law and cites to *Valenzuela v. United States,* 261 F.3d 694, 700 (10th Cir. 2001). *Valenzuela*, however, deals with the situation where an attorney did not predict the Supreme Court's decision in *Apprendi*. The *Valenzuela* situation is clearly distinguishable from the case at bar.

Here, Defendant alleges that "the Sentencing Commission adopted the Amendment no later than May 1, 2002 when it was publicly noticed by the Commission and sent to Congress." *Doc. 2* at 2. "The public notice of the U.S. Sentencing Commis[s]ion's Amendment was published in at least the CLR [sic], and Federal Register," and thus "[d]ue diligence would have alerted counsel in May 2002, that the Amendment would take effect on November 1, 2002 unless Congress would reject it by November 1, 2002. . . ." *Id.* at 4-5. Because this information was arguably "readily available to counsel," *id.* at 5, Cruz-Alcala apparently contends that Mr. Lopez' failure to either discover or recognize the significance of the proposed amendment constitutes ineffective assistance of counsel. Moreover, the difference in jail time appears to satisfy the prejudice prong of the *Strickland* test. *See, e.g., United States v. Horey,* 333 F.3d 1185, 1188 (10th Cir. 2003).

The United States' response does not address the specifics of the history of Amendment 640. Defendant asserts that it was adopted by the Commission three weeks <u>*before*</u> he pled guilty on May 20, 2002. Thus, at the time of the guilty plea, Amendment 640 was scheduled to become

law on November 1, 2002 *absent* Congressional action.

I take judicial notice that from May through October 2002, this Court granted numerous defense motions that sought continuances of sentencing hearings to see if the amendments became effective as anticipated. The clerk's minutes reflect that on September 4, 2002, Chief Judge Vázquez apparently concluded that because of inadequate defense preparation, sentencing could not proceed at that time, and she reset the sentencing for October 7, 2002. Nothing indicates that Mr. Lopez could not have asked for and received a three week longer continuance to see if the amendment became effective law.

It could be, however, that for some strategical reason Mr. Lopez felt that it was in his client's interest not to wait until November 1, 2002 to proceed to sentencing. I simply do not know, but the government should be given an opportunity develop any such arguments on that front. I further note that Defendant either is quite capable in researching and drafting his pleadings, or is receiving assistance from what appears to be a prison source. *See Doc. 2* at 6. Therefore, I recommend that this final claim be rebriefed.

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1. Defendant's retroactive application of Amendment 640 claims be dismissed with prejudice; and

2. Defendant's remaining claim that his attorney was ineffective when he failed to seek a continuance of the October 8, 2002 sentencing hearing should be rebriefed on a schedule to be set by Chief Judge Vázquez.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE